IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Elias Villalobos, <br><br> Plaintiff, <br><br> v. <br><br> Calumet City Police Officers Picicco, Brasewicz, Guerrero, and Urbanek, <br><br> Defendants. | No. 16 CV 8510 <br><br> Magistrate Judge Jeffrey T. Gilbert |

## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(e)(6)(B)(iii) and this Court's order of December 13, 2021 [ECF No. 123], I recommend to the assigned District Judge that third-party subpoenaed witness Ms. Heather Piekarczyk be found in civil contempt of court for failure to appear for her deposition scheduled for November 9, 2021, for the reasons set forth in this Report and Recommendation. I further recommend that Ms. Piekarczyk be fined $100 per day for each day she fails to appear for her deposition beginning on January 5, 2022, which is fourteen (14) days from today's date, continuing through and including the day before she appears for her deposition if she does appear. In my judgment, this fine is sufficient but not greater than what is reasonably necessary to compel Ms. Piekarczyk to comply with the deposition subpoena previously served upon her and the Court's prior orders requiring that she appear for her deposition. I recommend that the fine be paid to the Clerk of Court of the Northern District of Illinois and deposited into the court's registry account with due notice to the Clerk of Court.

A telephonic status hearing (AT&T call-in number 877-336-1829, passcode 1022195#) is set for January 25, 2022, at 10:30 a.m., before me for a report on whether Ms. Piekarczyk has contacted defense counsel or has been deposed. If she has not yet been deposed and has not been in contact with defense counsel about scheduling a date for her deposition, then the Court will consider whether additional contempt sanctions should be imposed, including but not limited to the issuance of a body attachment directing the United States Marshal to arrest Ms. Piekarczyk, bring her before the Court, and hold her in custody for a defined period of time or until she is deposed, whichever comes first.

"Subpoenas are not suggestions." *Palmer v. City of Decatur*, 2019 WL 1883892, at *1 (C.D. Ill. 2019), report and recommendation adopted, 2019 WL 1795933 (C.D. Ill. 2019). The Federal Rules of Civil Procedure provide that the "[f]ailure of any person without adequate excuse to obey a subpoena…may be deemed a contempt of the court…" FED.R.CIV.P. 45(e). Civil contempt, as would be contemplated in the circumstance where a witness failed to appear pursuant to lawful subpoena, is governed by 28 U.S.C. § 1826(a). *See also,* 8A Wright & Miller, § 2107 at 59 (2nd ed., West, 1994) ("An ordinary witness who fails to appear for the taking of his or her deposition after being subpoenaed is guilty of contempt."). Section 1826(a) gives the court broad discretion in fashioning "an appropriate coercive remedy in a case of civil contempt, based on the nature of the harm and the probable effect of alternative sanctions." *Cannon v. Loyola Univ. of Chicago*, 676 F. Supp. 823, 828 (N.D. Ill. 1987). That determination is, in turn, subject to abuse of discretion or clearly erroneous review. *Id.* Remedies may include imprisonment, fines, or remedial sanctions such as attorney's fees. *See, e.g., International Un., United Mine Workers of Am. v. Bagwell,* 512 U.S. 821, 823, 829 (1994); *United States v. Dowell*, 257 F.3d 694, 699-700 (7th Cir. 2001). Where a fine is imposed, it must be intended to compel compliance with the court's orders rather than punish disobedience. *Bagwell*, 512 U.S. at 823.

Holding Ms. Piekarczyk in civil contempt requires two findings: first, that the court entered a lawful order of reasonable specificity, and second, that the order was violated. *Grove Fresh Distrib., Inc. v. John Labatt Ltd.,* 888 F. Supp. 1427, 1436 (N.D. Ill. 1995). These elements must be established by clear and convincing evidence. *Dowell*, 257 F.3d at 699. Under 28 U.S.C. § 636(e), magistrate judges are empowered with the civil contempt authority of a district judge. But, in a civil case such as this, where the parties are proceeding by referral under 28 U.S.C. § 636(a) or (b), a magistrate judge faced with an act that constitutes civil contempt may not act unilaterally. Instead, "the magistrate judge shall forthwith certify the facts to a district judge…The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge." 28 U.S.C. § 636(e)(6)(B)(iii).[1]

In my view, Defendants have established through clear and convincing evidence that Ms. Piekarczyk failed to comply with, and thus violated, two lawful orders of reasonable specificity. The first is Defendants' validly issued subpoena for Ms. Piekarczyk's deposition. Defendants served Ms. Piekarczyk, by certified mail to her residence, with a subpoena for a deposition to be taken by Defendants on November 9, 2021. [ECF No. 122]. It is clear to me that Ms. Piekarczyk in fact received this subpoena based not only on the certified mail receipt showing the

---

[1] The assigned District Judge may also, if he deems it necessary, order Ms. Piekarczyk to appear before him upon a day certain to show cause why she should not be adjudged in contempt by reason of the facts certified herein by this Magistrate Judge. 28 U.S.C. 636(e)(6)(iii).

subpoena was delivered to her residence on October 16, 2021, [ECF No. 122-2], but also the fact that Ms. Piekarczyk personally cashed a witness fee check that was included with the subpoena. [ECF No. 122-3]; *see, e.g., Ott v. City of Milwaukee,* 682 F.3d 552, 557 (7th Cir. 2012) (service via certified mail through the United State Postal Service can suffice). Ms. Piekarczyk's legible signature appears on the back of the check. *Id.* The subpoena also was of clear and reasonable specificity – it commanded that Ms. Piekarczyk appear, in person, on November 9, 2021 at 10:00 a.m. at Defendants' attorneys' office, or that, in lieu of appearing, Ms. Piekarczyk was to call that same office to arrange a mutually convenient date and time for the deposition. [ECF No. 122] at 1, ¶ 2. Ms. Piekarczyk did not appear on November 9, 2021, nor did she contact defense counsel in the alternative and as contemplated by the subpoena.[2]

After Ms. Piekarczyk disregarded the subpoena for her November 9, 2021 deposition, the Court granted Defendants' Motion for Rule to Show Cause [ECF No. 122] and ordered Ms. Piekarczyk to either sit for her deposition or appear at a show cause hearing, either by telephone or in person, in Courtroom 1386 at the Dirksen Federal Building, 219 S. Dearborn Chicago, IL 60604, on December 22, 2021 at 10:00 a.m. [ECF No. 123]. Defendants also have established by clear and convincing evidence that Ms. Piekarczyk failed to comply with, and thus violated, that order of reasonable specificity. [ECF No. 123]. The order of December 13, 2021 unequivocally specified the place and time Ms. Piekarczyk was to appear for a show cause hearing, as well as, in the alternative, instructions for her to contact Defendants' counsel before December 22, 2021 so that the hearing could be postponed or stricken. [ECF No. 123]. Defendants served Ms. Piekarczyk with a copy of the December 13, 2021 court order at the same residence where Ms. Piekarczyk received her deposition subpoena and witness fee check by certified mail. [ECF No. 127]. An investigator spoke to Ms. Piekarczyk's mother on December 16, 2021 when Ms. Piekarczyk's mother accepted service of a copy of the Court's December 13, 2021 order on behalf of Ms. Piekarczyk. [ECF No. 127]. Ms. Piekarczyk's mother stated upon receipt that her daughter was not home at that time. *Id.* Ms. Piekarczyk subsequently failed to appear for the December 22, 2021 show cause hearing and, to date, has not presented any explanation for her failure to appear at her deposition or comply with the Court's order of December 13, 2021.

In my view, Defendants have shown by clear and convincing evidence that Ms. Piekarczyk was served with two lawful orders of reasonable specificity – her subpoena to be deposed on November 9, 2021 and this Court's order dated December 13, 2021

---

[2] Although Defendants reference the subpoena in their Motion [ECF No. 122] and attach the certified mail receipt showing the subpoena was delivered to Ms. Piekarczyk and copies of the witness fee check that she cashed, they did not attach a copy of the subpoena to the Motion. Defendants shall promptly file via the CM/ECF system a copy of the subpoena served upon Ms. Piekarczyk that they describe in their Motion for Rule to Show Cause [ECF No. 122], at 1, ¶ 2.

– and that those orders were violated, justifying a finding of civil contempt. Accordingly, I recommend that the assigned District Judge find Ms. Piekarczyk in civil contempt of court for the reasons set forth herein and impose the $100 per day fine described in this Report and Recommendation until she appears for her deposition.

Defendants are ordered to promptly serve a copy of this Report and Recommendation on Ms. Piekarczyk, and to file proof of service via the CM/ECF system. Written objections to this Report and Recommendation may be served and filed within 14 days from the date that this order is served. FED.R.CIV.P. 72(b)(2). A party may respond to another party's objections within 14 days after being served with a copy. *Id.* Failure to file objections with the District Judge within the specified time may result in a waiver of the right to appeal all findings, factual and legal, made by this Court in this Report and Recommendation. *Video Views, Inc. v. Studio 21, Ltd.,* 797 F.2d 538, 539 (7th Cir. 1986).

It is so recommended and ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: December 23, 2021